UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00226-MOC-WCM

| | | |
|---|---|---|
| WILLIAM ORR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. EPA, | ) | ANSWER OF DEFENDANTS |
| U.S. DEPARTMENT OF | ) | FRENCH BROAD ELECTRIC |
| INTERIOR, | ) | MEMBERSHIP CORPORATION |
| FRENCH BORAD ELECTRIC | ) | AND JEFF LOVEN |
| MEMBERSHIP CORPORATION, | ) | |
| U.S. FOREST SERVICE, | ) | |
| JEFF LOVEN, and | ) | |
| U.S. FISH AND WILDLIFE SERVICE, | ) | |
|     Defendants. | ) | |

NOW COME the Defendants French Broad Electric Membership Cooperation (hereinafter "FBEMC") and Jeffrey Loven (hereinafter "Loven") (collectively hereinafter "the Defendants"), by and through the undersigned counsel, and hereby respond to the allegations in Plaintiff's Complaint as follows:

**ANSWER TO INTRODUCTORY SECTIONS**

1. Paragraph 1 of the Plaintiff's Complaint contains a prayer for relief which does not require a response and, to the extent it does require a response, the allegations contained in paragraph 1 are denied.

2. Paragraph 2 of the Plaintiff's Complaint contains a prayer for relief which does not require a response and, to the extent it does require a

response, the allegations contained in paragraph 2 and all subparagraphs thereof are denied.

3. As to the remaining introductory paragraphs in the Plaintiff's Complaint, the Defendants admit that FBEMC sprayed on certain right-of-ways in May/June 2017 and in July 2019. Except as herein admitted, the allegations contained in the introductory paragraphs are denied.

4. The allegations contained in the "Jurisdiction and Venue" section of the Plaintiff's Complaint are denied.

5. As to the "Cause of Action/Preliminary Statement" section of the Plaintiff's Complaint, the Defendants admit that FBEMC sprays herbicide to maintain right-of-ways that are not self-maintained by property owners. As to allegations directed to other Defendants in this cause, these Defendants are without information sufficient to admit or deny those allegations and same are, therefore, denied. Except as herein admitted, the allegations contained in the "Cause of Action/Preliminary Statement" section of the Complaint are denied.

6. As to the "Parties/Background" section of the Plaintiff's Complaint, the Defendants admit that FBEMC provides electricity to Roan Mountain, Mitchell County, North Carolina, and admit that FBEMC is regulated by the North Carolina Rural Electrification Authority under the N.C.

Electric Membership Corporation Act. As to allegations relating to various individuals who purportedly studied and/or loved Roan Mountain, and relating to the Plaintiff's personal, medical and family history, the Defendants are without information sufficient to admit or deny those allegations and same are, therefore, denied. As to allegations directed to other Defendants in this cause, these Defendants are without information sufficient to admit or deny those allegations and same are, therefore, denied. Except as herein admitted, the allegations contained in the "Parties/Background" section of the Complaint are denied.

7. As to the "Background/Statement of Fact" section of the Plaintiff's Complaint, the Defendants admit that prior litigation occurred between these parties in this Court in *Orr et. al v. U.S. EPA, et. al*, 1:17-cv-00141-MR-DLH. It is admitted that FBEMC's website discloses its right-of-way spraying schedule that at times has disclosed that FBEMC sprays a combination of Rodeo and Polaris. As to allegations directed to other Defendants in this cause, these Defendants are without information sufficient to admit or deny those allegations and same are, therefore, denied. Except as herein admitted, the allegations contained in the "Background/Statement of Fact" section of the Complaint are denied.

8. As to the "Statutory and Regulatory Matters" section of the Plaintiff's Complaint, as to all allegations which state or attempt to state a legal conclusion, no response is required and, to the extent a response may be required, said allegations are denied. As to allegations directed to other Defendants in this cause, these Defendants are without information sufficient to admit or deny those allegations and same are, therefore, denied. Except as herein admitted, the allegations contained in the "Statutory and Regulatory Matters" section of the Complaint are denied.

9. The allegations contained in the "§1540(G)(2)(A)(I) Notice Requirement" section of the Plaintiff's Complaint are denied.

10. As to the "Federal Regulation of Pesticides – The Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA") in View of the Endangered Species Act" section of the Plaintiff's Complaint, as to all allegations which state or attempt to state a legal conclusion, no response is required and, to the extent a response may be required, said allegations are denied. As to allegations directed to other Defendants in this cause, these Defendants are without information sufficient to admit or deny those allegations and same are, therefore, denied. All remaining allegations contained in this section of the Complaint are denied.

## ANSWER TO "ALLEGATIONS"

As to the "Allegations" section of the Plaintiff's Complaint, the Defendants respond as follows:

1. Denied.

2. It is admitted that the correspondence dated 5/26/17 claimed that glyphosate based herbicides can travel long distances from original spray sites resulting in hazards to protected species and their habitats. Except as herein admitted, the allegations contained in paragraph 2 are denied.

3. Denied.

4. Admit.

5. Admit.

6. Denied.

7. Denied.

8. Denied.

9. It is admitted that the Plaintiff's 4/30/18 Comment claimed high genome sensitivity of protected species to stressors such as EPA registered pesticides/herbicides, including glyphosate, and claimed that secondary toxic hydrous transport whereby pesticides/herbicides could be transmitted into protected species habitats with devastating

consequences. Except as herein admitted, the allegations contained in paragraph 9 are denied.

10. Admit.

11. It is admitted that FBEMC never informed its members of the matters contained in the Plaintiff's correspondence dated 5/26/17 and in the Plaintiff's 4/30/18 Comment. Except as herein admitted, the allegations contained in paragraph 11 are denied.

12. It is admitted that FBEMC has not performed any environmental assessment or impact study. Except as herein admitted, the allegations contained in paragraph 12 are denied.

13. Admit.

14. Denied.

15. It is admitted that FBEMC engaged in a spray program in 2017 and 2019. Except as herein admitted, the allegations contained in paragraph 15 are denied.

16. Denied.

17. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 17 and same are, therefore, denied.

18. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 18 and same are, therefore, denied.

19. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 19 and same are, therefore, denied.

20. Denied.

21. Denied.

22. Denied.

23. It is admitted that at times in 2017 and 2019, FBEMC has utilized Rodeo and Polaris herbicides in its right-of-way spray program. Except as herein admitted, the allegations contained in paragraph 23 are denied.

24. It is denied that these Defendants received the Plaintiff's 4/30/18 comment on that date. The Defendants are without information sufficient to admit or deny the remaining allegations contained in paragraph 24 and same are, therefore, denied.

25. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 25 and same are, therefore, denied.

26. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 26 and same are, therefore, denied.

27. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 27 and same are, therefore, denied.

28. Admit.

29. Admit.

30. Admit.

31. Denied.

32. Admit.

33. Denied.

34. Admit.

35. Admit.

36. It is admitted that Plaintiff's son Charles Orr has self-maintained FBEMC's right-of-way easements across his property. Except as herein admitted, the Defendants are without information sufficient to admit or deny the remaining allegations in paragraph 36 and same are, therefore, denied.

37. Admit.

38. Denied.

39. The Defendants are without information sufficient to admit or deny the allegations contained in paragraph 39 and same are, therefore, denied.

40. Denied.

41. Denied.

42. Denied.

43. Admit.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

WHEREFORE, the Defendants, French Broad Electric Membership Corporation and Jeff Loven pray the Court for the following relief:

1. That the relief prayed in the Plaintiff's Complaint be denied.

2. That the costs of this action be taxed against the Plaintiff.

3. For such and further relief as the Court may deem just and proper.

This the 13th day of September, 2019.

LAW OFFICES OF JAMIE A. STOKES, PLLC

_/s/ Jamie A. Stokes_____
Jamie A. Stokes
Attorney for the Defendants French Broad Electric Membership Corporation and Jeff Loven
One Oak Plaza, Suite 207
Asheville, NC 28801
(828) 253-3661

# CERTIFICATE OF SERVICE

NOW COMES the undersigned counsel for the Defendants French Broad Electric Membership Corporation and Jeffrey Loven, and hereby certifies that on the below date, a copy of the foregoing Answer was served on the parties as follows:

Electronically via CM/ECF to the Defendants and/or counsel as follows:

> To the Plaintiff William Orr:
> Billorr2001@hotmail.com
>
> To Counsel for the Federal Defendants:
> jonathan.letzring@usdoj.gov
> CaseView.ECF@usdoj.gov
> debbie.gaddy@usdoj.gov

This the 13th day of September, 2019.

THE LAW OFFICES OF JAMIE A. STOKES, PLLC

__/s/ Jamie A. Stokes_____
Jamie A. Stokes
Attorney for the Defendants French Broad Electric Membership Corporation and Jeff Loven
One Oak Plaza, Suite 207
Asheville, NC 28801
828/253-3661
N.C. Bar No. 33795