IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 226

| | | |
|---|---|---|
| WILLIAM ORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER |
| U.S. EPA, U.S. DEPARTMENT OF | ) | |
| INTERIOR, FRENCH BROAD | ) | |
| ELECTRIC MEMBERSHIP | ) | |
| CORPORATION, U.S. FOREST | ) | |
| SERVICE, JEFF LOVEN and | ) | |
| U.S. FISH AND WILDLIFE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's "Joint Motion for Leave to File Out of Time and to File Amended Complaint" ("Motion to Amend") (Doc. 29).

I. Relevant Procedural Background

On July 19, 2019, Plaintiff William Orr ("Plaintiff"), appearing *pro se*, filed a Complaint against the United States Environmental Protection Agency, the United States Department of Interior, the United States Forest Service, the United States Fish and Wildlife Service (collectively, "Federal Defendants"), and against French Broad Electric Membership Corporation and Jeff Loven (collectively, "Private Defendants"). (Doc. 1).

The Private Defendants and the Federal Defendants filed Motions to Dismiss on September 13, 2019 and September 30, 2019, respectively. (Docs. 16, 20).

Following extensions of time, Plaintiff's deadline to respond to the Motions to Dismiss was November 29, 2019. Plaintiff, however, did not file his response to the Motions to Dismiss (Doc. 28) ("Opposition") until December 5, 2019.[1]

Plaintiff filed the instant Motion to Amend (Doc. 29) the same day. In that Motion, Plaintiff requests leave to file his Opposition out of time and leave to file a proposed Amended Complaint (Doc. 29-1).

On December 11, 2019, the Federal Defendants moved that their deadline for filing a reply in support of their Motion to Dismiss be held in abeyance and/or that, if the Court allowed Plaintiff to amend his complaint, the Federal Defendants be allowed three weeks to respond to Plaintiff's Amended Complaint. (Doc. 30).

On December 12, 2019, the Private Defendants made a similar request. (Doc. 31).

On December 18, 2019, the Court granted Defendants' requests in part and temporarily stayed the deadlines for all Defendants to file replies in

---

[1] This document is entitled "Plaintiff's Answer" and is approximately 38 pages in length.

support of their Motions to Dismiss pending a determination of Plaintiff's Motion to Amend. (Doc. 32).

Defendants filed their responses to the Motion to Amend on December 19, 2019. (Docs. 33, 34).

## II. Motion to Amend

### A. Legal Standard

Amendments sought pursuant to Rule 15(a)(2) are allowed with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); United States v. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Id. at 426 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); accord, Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).

## B. Discussion

Plaintiff's claims relate to the spraying of herbicide on or near Roan Mountain, North Carolina, where he lives. Plaintiff alleges that the continued spraying of the substances threatens endangered species that inhabit the area. Plaintiff seeks to enjoin further spraying by the Private Defendants and as authorized by the Federal Defendants.

In his Motion to Amend, Plaintiff states that his original complaint "was quickly drafted absent due familiarity with requisite legal issues, and thus obviously deficient." (Doc. 29) at 2. Plaintiff further acknowledges that "Defendants' Motions to Dismiss have amply pointed out several of these deficiencies." Id. He submits his Amended Complaint in the hopes that it "remedies matters and survives Defendants' Motions to Dismiss." Id.

The Federal Defendants oppose the instant Motion. They point out that Plaintiff's Opposition was filed several days after an extended deadline and therefore was untimely. (Doc. 33) at 2. The Federal Defendants "take no position as to Plaintiff's motion for leave to file an amended complaint" but nonetheless "note that granting leave to amend would be futile at least with regard to the claims he asserts against Federal Defendants." Id.

The Private Defendants likewise oppose Plaintiff's requests. As to Plaintiff's Opposition, the Private Defendants argue that Plaintiff has not shown that the delay of the filing of that document was the result of excusable

4

neglect and that he has been provided "ample leeway and sufficient time to accommodate" for his *pro se* status. (Doc. 34) at 9. As to Plaintiff's request for leave to file an Amended Complaint, the Private Defendants argue that such request should be denied on the basis of futility. They also contend that the request should be denied on the basis of prejudice and undue delay, in light of a previous and similar matter Plaintiff filed in 2017. Id. at 6-8.

The Court has reviewed the Complaint, the Motion to Amend, the proposed Amended Complaint, and Defendants' responses to the Motion.

As referenced above, the standard for allowing amendments pursuant to Rule 15(a)(2) is a liberal one, designed to encourage the adjudication of disputes on their merits.

The Private Defendants' reference to Plaintiff's prior litigation is noted, as is their argument regarding the form and length of the proposed Amended Complaint. Nonetheless, the undersigned is not persuaded that the Motion to Amend should be denied on the basis of prejudice or undue delay.

Similarly, the undersigned is not persuaded that the Motion to Amend should be denied as futile under the lenient standard of Rule 15(a)(2). Plaintiff has attempted to amend his allegations in view of Defendants' Motions to Dismiss. Whether Plaintiff's efforts will prove successful, should Defendants renew their Motions to Dismiss, is a separate question about which the undersigned expresses no opinion. In light of the current posture of the case

and the information of record, and bearing in mind Plaintiff's *pro se* position, Plaintiff's Motion to Amend will be allowed under Rule 15.

The undersigned will offer a final word with regard to the movement of this matter going forward. Federal courts extend latitude to the pleadings of *pro se* litigants. See e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). However, as the Federal Defendants point out, "pro se litigants are not exempt from the rules of procedure or court imposed deadlines." Landis v. Buncombe Cty. NC Gov't, No. 1:14-CV-00146-MR-DSC, 2015 WL 1417798, at *3 (W.D.N.C. Mar. 27, 2015), report and recommendation adopted, No. 1:14-CV-146-MR-DSC, 2016 WL 1070595 (W.D.N.C. Mar. 18, 2016).

This matter, which was originally filed in July 2019, must move forward with reasonable dispatch. Consequently, Plaintiff is advised that he should ensure that his future filings are timely. Plaintiff is further reminded that his filings must conform with the Local Rules of this District, including that briefs are limited to 25 pages unless otherwise ordered. See LCvR 7.1(d).

### III. Defendants' Existing Motions to Dismiss and Related Filings

In view of the allowance of Plaintiff's Motion to Amend, the existing Motions to Dismiss by all Defendants have become moot as a matter of law and

6

therefore, following consultation with the chambers of the presiding District Judge, the undersigned will deny them on that basis.

Plaintiff's request that his Opposition to the existing Motions to Dismiss be deemed timely filed is likewise moot.

Finally, the allowance of Plaintiff's Motion to Amend also renders moot Defendants' request for an extension of their deadlines to file replies in support of their Motions to Dismiss.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Joint Motion for Leave to File Out of Time and to File Amended Complaint" ("Motion to Amend") (Doc. 29) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. To the extent the Motion to Amend requests leave for Plaintiff to amend his Complaint, the Motion is **GRANTED**. The Clerk is respectfully **DIRECTED** to docket a copy of Plaintiff's Amended Complaint (Doc. 29-1) as a separate docket entry. Defendants shall have twenty-one (21) days from the entry of this Order to answer or otherwise respond to the Amended Complaint.

    b. To the extent the Motion to Amend requests that Plaintiff's Opposition to Defendants' existing Motions to Dismiss be deemed timely filed, it is **DENIED AS MOOT**.

2. Defendants' pending Motions to Dismiss (Docs. 16, 20) are **DENIED AS MOOT**.

3. To the extent the Federal Defendants' Motion for Extension of Time to File Reply Brief Pending Resolution of Plaintiff's Motion for Leave (Doc. 30), and the Motion for Extension of Time by Defendants French Broad Electric Membership Corporation and Jeff Loven (Doc. 31) seek an extension of time to file replies in support of their existing Motions to Dismiss, such requests are **DENIED AS MOOT**.

Signed: January 14, 2020

W. Carleton Metcalf
United States Magistrate Judge